UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
TARA JOHNSON

                                                                                          COMPLAINT
                                        Plaintiff,          AND JURY DEMAND


-against-

THE CITY OF NEW YORK; DAVID FRANKEL, as
Former Commissioner, New York City Department of Finance;
BETH E. GOLDMAN, as Former Commissioner, New York
City Department of Finance; JACQUES JIHA, as Commissioner,
New York City Department of Finance; ELOISE M. ARCHIBALD,
as Director of Psychological Services, Police Department City of
New York; and SARAH LAZER-GOMEZ, as Psychologist Level 1,
Police Department City of New York, each being sued individually
in their official capacities as employees' of
defendant THE CITY OF NEW YORK

                                                             Defendants'
-------------------------------------------------------------------------------x

       The plaintiff TARA JOHNSON by her attorney The Sanders Firm, P.C., as and for her complaint against defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD and SARAH LAZER-GOMEZ, respectfully set forth and allege that:

## INTRODUCTION

       This is an action for equitable relief and money damages on behalf of the plaintiff TARA JOHNSON, (hereinafter referred to as "plaintiff") whose statutory rights as an applicant and employee were violated as a result of defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; and SARAH LAZER-GOMEZ'S discriminatory conduct.

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Civil Rights Act of 1871, 42 U.S.C. § 1983; New York State Executive Law § 296, and New York City Administrative Law § 8-107.

2. The unlawful employment practices, violations of plaintiff's statutory rights as an employee complained of herein were committed within New York and Queens Counties.

## PROCEDURAL REQUIREMENTS

3. Plaintiff has filed suit within the applicable statute of limitations period.

## PLAINTIFF

4. Plaintiff TARA JOHNSON a citizen of the United States of America, over twenty-one (21) years of age, and resident of Kings County, is a former employee of defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the New York City Department of Finance – Sheriff's Division. For the purposes of this litigation defendant CITY may be identified interchangeably using CITY or FINANCE to identify the employer which is the CITY.

## DEFENDANTS'

5. Defendant CITY is a municipal corporation formed under New York Law and at all relevant times was Plaintiff's employer, with its central offices in the county of New York, and diverse other offices and facilities throughout the world.

6. Defendant DAVID FRANKEL, as Former Commissioner, New York City Department of Finance.

7. Defendant BETH E. GOLDMAN, as Former Commissioner, New York City Department of Finance.

8. Defendant JACQUES JIHA, as Commissioner, New York City Department of Finance.

9. Defendant ELOISE M. ARCHIBALD, as Director of Psychological Services, Police Department City of New York.

10. Defendant SARAH LAZER-GOMEZ, as Psychologist Level 1.

## BACKGROUND

11. Plaintiff self identifies as an African-American female.

12. Plaintiff is a former employee of the New York City Department of Finance – Sheriff's Division, employed as a Deputy Sheriff.

13. Plaintiff alleges Deputy Sheriffs are peace officers as defined under the New York State Criminal Procedure Law and authorized to make warrantless arrests, issue summonses, conduct vehicle stops, carry and use firearms, batons, pepper spray, handcuffs, and use physical and deadly force.

14. Plaintiff alleges Deputy Sheriffs in their civil enforcement role are authorized to enforce parts of the New York State Civil Practice Law and Rules ("CPLR").

15. Plaintiff alleges psychological tests if used objectively can be a vital tool used to assess an applicants or employees honesty and integrity.

16. Plaintiff alleges Title VII of the Civil Rights Act of 1964 prohibits psychological testing designed to, or that has a tendency to, discriminate based upon race.

17. Plaintiff alleges psychological testing where the administration results in disparate treatment or disparate impact upon applicants or employees based upon race, violates Title VII of the Civil Rights Act of 1964.

18. Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, have a legal obligation to ensure applicants or employees are afforded a fair opportunity to qualify for employment.

19.     Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, knows or should have known psychological testing requiring analysis by a psychologist is fraught with "subjectivity" and "implicit bias", thereby creating the opportunity for disparate treatment or disparate impact upon applicants or employees due to their race.

20.     Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, upon information and belief, does not review existing psychological testing to ensure they are statistically valid, reliable and devoid of racial bias.

21.     Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, upon information and belief, does not administer psychological testing in a standardized manner to ensure that all job applicants or employees are assessed in the same way.

22.     Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, upon information and belief, does not monitor test results to ensure there's no disparate treatment or disparate impact upon applicants or employees due to race.

23.     Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, upon information and belief, does not monitor workplace statistics on attrition, theft, turnover, and production to determine whether the use of psychological testing have a disparate treatment or disparate impact upon applicants or employees due to their race.

24.     Plaintiff alleges in 1978, the United States Equal Employment Opportunity Commission ("EEOC") adopted the Uniform Guidelines on Employee Selection Procedures ("UGESP") under Title VII of the Civil Rights Act of 1964.

25.     Plaintiff alleges the UGESP provides uniform guidance for employers to ensure their testing and selection procedures are in compliance with Title VII of the Civil Rights Act of 1964, theory of disparate impact.

26. Plaintiff alleges the UGESP outline three (3) different methods for employers to prove their testing and selection procedures are job-related and consistent with business necessity.

27. Plaintiff alleges these methods of proving job-relatedness are called "test" validation.

28. Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, upon information and belief, is not in compliance with the UGESP.

29. Plaintiff alleges defendant DAVID FRANKEL served as the Commissioner, New York City Department of Finance from July 29, 2009 through September 24, 2013.

30. Plaintiff alleges defendant DAVID FRANKEL as the agency head was legally obligated to ensure the aforementioned procedural safeguards in the hiring and selection process for Deputy Sheriff, City of New York are in place to ensure all applicants or employees have a fair opportunity to qualify for employment and failed to do so.

31. Plaintiff alleges defendant BETH E. GOLDMAN served as the Commissioner, New York City Department of Finance from September 24, 2013 through April 7, 2014.

32. Plaintiff alleges defendant BETH E. GOLDMAN as the agency head was legally obligated to ensure the aforementioned procedural safeguards in the hiring and selection process for Deputy Sheriff, City of New York are in place to ensure all applicants or employees have a fair opportunity to qualify for employment and failed to do so.

33. Plaintiff alleges defendant JACQUES JIHA serves as the Commissioner, New York City Department of Finance.

34. Plaintiff alleges defendant JACQUES JIHA as the agency head is legally obligated to ensure the aforementioned procedural safeguards in the hiring and selection process

for Deputy Sheriff are in place to ensure all applicants or employees have a fair opportunity to qualify for employment have failed to do so.

35. Plaintiff alleges on or about September 19, 2001 she was employed as a Provisional Probation Officer Trainee with the Probation Department City of New York.

36. Plaintiff alleges she remained in that title until on or about January 1, 2003 when she was laid off due to budget cuts.

37. Plaintiff alleges on or about September 11, 2006 she returned to the Department of Probation City of New York in the position of Probation Officer after being hired from the Department of Citywide Administrative Services Probation Officer Examination.

38. Plaintiff alleges in or around (date) she began the hiring and testing process for the position of Deputy Sheriff, City of New York, Examination No.: (1234).

39. Plaintiff alleges on or about February 15, 2013 she accepted the position of Deputy Sheriff, City of New York with defendant FINANCE and resigned as Probation Officer.

40. Plaintiff alleges on or about February 19, 2013 she entered the New York City Sheriff's Academy.

41. Plaintiff alleges the class consisted of 15 deputy sheriff candidates: 5 Blacks or African-American, 7 White or Caucasian, 2 Hispanic and 1 Asian.

42. Plaintiff alleges 1/3 or thirty-three (33) percent of the class is Black or African-American.

43. Plaintiff alleges on or around April 5, 2013 she successfully completed the Basic Course for Peace Officers in accordance with the guidelines of the New York State Division of Criminal Justice Services Municipal Police Training Council.

44. Plaintiff alleges on or around April 19, 2013 she successfully completed the

Initial Course in Firearms and Deadly Physical Force in accordance with the guidelines of the New York State Division of Criminal Justice Services Municipal Police Training Council.

45. Plaintiff alleges on or around May 14, 2013 she graduated from the New York City Sheriff's Academy and immediately assigned to a special plainclothes unit called the "Tobacco Task Force."

46. Plaintiff alleges its mission was to investigate illegal tobacco sales primarily in heavily populated areas with citizens of color throughout the City of New York.

47. Plaintiff alleges such investigations resulted in arrests as well as civil penalties.

48. Plaintiff alleges on or around July 13, 2013 she was served with a Notice of Disqualification and terminated.

49. Plaintiff alleges on or about (date) under the direct or indirect supervision of defendant ELOISE M. ARCHIBALD, she was interviewed by defendant SARAH LAZER-GOMEZ.

50. Plaintiff alleges she was directed to report to NYPD Psychological Services Unit at 1 Lefrak City Plaza where she appeared with her Training Sheriff Officer uniform.

51. Plaintiff alleges defendant SARAH LAZER-GOMEZ immediately asked "How is it possible for you guys to be in an Academy class for the Sheriff and you hadn't even been cleared yet so what happens if you get disqualified? I'm sure they can't keep you on the job?"

52. Plaintiff alleges she responded to defendant SARAH LAZER-GOMEZ "well I wouldn't know because I don't plan on being disqualified."

53. Plaintiff alleges defendant SARAH LAZER-GOMEZ repeatedly asked questions such as "Why did I answer that I blush easily."

54. Plaintiff alleges defendant SARAH LAZER-GOMEZ also asked her "when was

the last time I had a drank alcohol (sic)?"

55. Plaintiff alleges she informed defendant SARAH LAZER-GOMEZ she did not drink and has never consumed alcohol.

56. Plaintiff alleges defendant SARAH LAZER-GOMEZ asked "you mean you never drank alcohol. Everyone drinks."

57. Plaintiff alleges she stated again to defendant SARAH LAZER-GOMEZ she did not drink nor had the desire to drink.

58. Plaintiff alleges defendant SARAH LAZER-GOMEZ stated "you stated that you never had never had a headache"

59. Plaintiff alleges she responded to defendant SARAH LAZER-GOMEZ, "yes that is correct. I have had issues with migraines but not headaches."

60. Plaintiff alleges defendant SARAH LAZER-GOMEZ stated in response 'migraines and headaches are the same and that plaintiff did not know how to answer questions properly'.

61. Plaintiff alleges she reluctantly agreed with defendant SARAH LAZER-GOMEZ.

62. Plaintiff alleges defendant SARAH LAZER-GOMEZ repeated the question "when the last time I drank again?"

63. Plaintiff alleges she repeated to defendant SARAH LAZER-GOMEZ that she did not drink alcohol but did 'drink beverages such as soda and juice.'

64. Plaintiff alleges on or about April 3, 2016 she was to ordered to return to defendant SARAH LAZER-GOMEZ for additional questioning.

65. Plaintiff alleges she missed the appointment with defendant SARAH LAZER-GOMEZ because she was not notified in time to get to 1 Lefrak Plaza from the Firearms and

Tactics Range in Long Island.

66. Plaintiff alleges on or about April 12, 2013 under the direct or indirect supervision of defendant ELOISE M. ARCHIBALD, she was interviewed by defendant SARAH LAZER-GOMEZ.

67. Plaintiff alleges defendant ELOISE M. ARCHIBALD supervises the entire staff of Psychological Services, in particular, responsible for candidate evaluations.

68. Plaintiff alleges defendant SARAH LAZER-GOMEZ continued to ask personal and non-relevant questions to determine the psychological suitability of a potential candidate.

69. Plaintiff alleges defendant SARAH LAZER-GOMEZ asked about a child abuse allegation filed with New York City Administration for Children Services in 2007 regarding her nephew.

70. Plaintiff alleges she was not initially aware of the ACS allegation.

71. Plaintiff alleges she retained counsel to clear her name of the child abuse allegation.

72. Plaintiff alleges defendant SARAH LAZER-GOMEZ stated 'she knew I did it'.

73. Plaintiff alleges defendant SARAH LAZER-GOMEZ called her a 'child abuser'.

74. Plaintiff alleges she was shocked and offended by defendant SARAH LAZER-GOMEZ comments but did not say anything.

75. Plaintiff alleges defendant SARAH LAZER-GOMEZ stated that she was a fault for being a victim of an assault by an unknown male driving a vehicle.

76. Plaintiff alleges defendant SARAH LAZER-GOMEZ held her accountable because she reported the incident to the police.

77. Plaintiff alleges defendant SARAH LAZER-GOMEZ was attitude during this

interview was condescending, demeaning, and evincing clear bias towards her.

78. Plaintiff alleges under the direct or indirect supervision of ELOISE M. ARCHIBALD, defendant SARAH LAZAR-GOMEZ repeatedly ordered her to report to the NYPD Psychological Unit at 1 Lefrak Plaza.

79. Plaintiff alleges on or about (date) under the direct or indirect supervision of ELOISE M. ARCHIBALD, defendant SARAH LAZAR-GOMEZ documented on the Psychological Disqualification Summary, she exercises 'poor judgment, poor credibility and failure to take responsibility for past problematic behavior.

80. Plaintiff alleges on (date) she was served with a Notice of Disqualification and terminated.

81. Plaintiff alleges her termination was based upon the racially biased psychological evaluations under the direct or indirect supervision of defendant ELOISE M. ARCHIBALD and SARAH LAZAR-GOMEZ.

82. Plaintiff alleges under the direct or indirect supervision of defendant ELOISE M. ARCHIBALD, the entire pool, one hundred (100) percent of Black or African-American candidates were psychologically disqualified.

83. Plaintiff alleges under the direct or indirect supervision of defendant ELOISE M. ARCHIBALD, sixty (60) percent of the pool of Black or African-American psychologically disqualified candidates went onto become members of other law enforcement agencies including the New Jersey State Police.

84. Plaintiff alleges under the direct or indirect supervision of defendant ELOISE M. ARCHIBALD, the entire pool, one hundred (100) percent of Black or African-American candidates were equally qualified or more qualified than the Caucasian or White candidates but,

were evaluated differently.

85. Plaintiff alleges Blacks or African-American candidates under the direct or indirect supervision of defendant ELOISE M. ARCHIBALD are more likely than Caucasian or White candidates to have their Psychological Disqualification Summary's documented to read: exercises 'poor judgment, poor credibility and failure to take responsibility for past problematic behavior although they had similar backgrounds.

86. Plaintiff alleges under the direct or indirect supervision of defendant ELOISE M. ARCHIBALD, the Caucasian or White candidates were re-evaluated at the same rate or higher than the Black or African-American candidates but, were not disqualified.

87. Plaintiff alleges under the direct or indirect supervision of defendant ELOISE M. ARCHIBALD, the entire pool, one hundred (100) percent of Caucasian or White candidates although equally qualified or less qualified than Black or African-American candidates were not disqualified.

88. Plaintiff alleges there were at least three (3) Caucasian Male candidates for Deputy Sheriff placed on Psychological Review for admitted alcohol use but, eventually determined to be psychologically qualified.

89. Plaintiff alleges those comparators are: Scott Donaldson, Gary Zintl, and Elijah Seyfried.

90. Plaintiff alleges Elijah Seyfried openly admitted during the Academy he was previously employed as a Police Officer in the state of Ohio until he was 'let go' after being arrested for DWI while on the force.

91. Plaintiff alleges despite Elijah Seyfried's DWI arrest he and four (4) other Caucasian candidates with similar employment profiles were determined to be psychologically qualified the day before graduation May 13, 2013.

92. Plaintiff alleges meanwhile, she and the other three (3) African-American candidates were determined to be psychologically unqualified

93. Plaintiff alleges Sean Harris was terminated and has filed a federal lawsuit in the

Eastern District of New York (EDNY 16 cv 00113) alleging race discrimination during the hiring process.

94. Plaintiff alleges Barry Brown was terminated and has filed a federal lawsuit in the Eastern District of New York (EDNY 16 cv 01106) alleging race discrimination during the hiring process.

95. Plaintiff alleges Lawson, a former New Jersey State Corrections Officer was terminated but, later appointed as a New Jersey State Trooper.

96. Plaintiff alleges in or around October 2012, Ingrid Veras (Hispanic Female) originally started out as a candidate but, failed the Agility Test.

97. Plaintiff alleges although previously disqualified for failing the Agility Test, Ingrid Veras was appointed to the Academy.

98. Plaintiff alleges Ingrid Veras was appointed to the Academy due to her close personal relationship with Lieutenant Mulatto

99. Plaintiff alleges in or around June 2013, Ingrid Veras was determined to be psychologically qualified.

100. Plaintiff alleges Ingrid Veras told her she was determined to be psychologically qualified with the assistance of a Latina female Psychologist presumably defendant SARAH LAZER-GOMEZ who helped to manipulate the 'objective' findings.

101. Plaintiff alleges Ingrid Veras told her presumably defendant SARAH LAZER-GOMEZ, coached her how to address an inconsistency discovered during the application process where she failed to disclose several family court matters where she was the respondent.

102. Plaintiff alleges Ingrid Veras told her presumably defendant SARAH LAZER-GOMEZ, coached her how to address an inconsistency discovered during the application process where she failed to disclose significant alcohol usage.

103. Plaintiff alleges Ingrid Veras told her presumably defendant SARAH LAZER-GOMEZ, coached her how to address an inconsistency discovered during the application process where she failed to disclose she previously received public assistance.

104. Plaintiff alleges shortly after being terminated she received the Final Notice of Disqualification.

105. Plaintiff alleges her Notice of Proposed Disqualification was based upon the

racially biased psychological evaluations under the direct or indirect supervision of ELOISE M. ARCHIBALD and SARAH LAZAR-GOMEZ

106. Plaintiff alleges there are no perfect candidates but, defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD and SARAH LAZAR-GOMEZ treat candidates differently due to their race.

107. Plaintiff alleges defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD and SARAH LAZAR-GOMEZ collective conduct caused her to sustain injuries due to disparate treatment and disparate impact during the hiring and selection process for Deputy Sheriff, City of New York in violation of the Civil Rights Act of 1866, $2 U.S.C. § 1981; the Civil Rights Act of 1871, 42 U.S.C. § 1983; New York State Executive Law § 296 and New York City Administrative Code § 8-107.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### RACE DISCRIMINATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

108. Plaintiff re-alleges Paragraphs 1 through 107 and incorporates them by reference as Paragraphs 1 through 107 of Count I of this Complaint.

109. Plaintiff alleges the discriminatory acts and omissions of defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; and SARAH LAZAR-GOMEZ interfered with her right to enforce contracts under the color of state law because of her race.

110. Plaintiff alleges as a result of the aforesaid acts, depriving her of her civil rights, he suffered mental anguish, emotional distress, and loss of employment opportunities.

# COUNT II
# MONELL CLAIM
# IN VIOLATION OF
# THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

111. Plaintiff re-alleges Paragraphs 1 through 110 and incorporates them by reference as Paragraphs 1 through 110 of Count II of this Complaint.

112. Plaintiff alleges defendant THE CITY OF NEW YORK caused her injuries.

113. Plaintiff alleges defendant THE CITY OF NEW YORK'S actions were taken under color of law.

114. Plaintiff alleges defendant THE CITY OF NEW YORK deprived her of her constitutional and statutory rights.

115. Plaintiff alleges defendant THE CITY OF NEW YORK'S actions are causally related to her injuries.

116. Plaintiff alleges as a result of defendant THE CITY OF NEW YORK'S actions he is damaged.

117. Plaintiff alleges official policies of the NYPD Psychological Services Unit, adopted by defendant THE CITY OF NEW YORK and the New York City Department of Finance used to evaluate law enforcement candidates caused her constitutional and statutory injuries.

# COUNT III
# RACE DISCRIMINATION
# IN VIOLATION OF
# THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

118. Plaintiff re-alleges Paragraphs 1 through 117 and incorporates them by reference as Paragraphs 1 through 117 of Count III of this Complaint.

119. Plaintiff alleges defendants' THE CITY OF NEW YORK; DAVID FRANKEL;

BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; and SARAH LAZER-GOMEZ under color of law, personally interfered with and deprived her of her constitutional rights because of her race.

120. Plaintiff alleges defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; and SARAH LAZER-GOMEZ, in acting to deprive her of her rights, acted intentionally, knowingly, willfully, and with gross disregard of her rights.

121. Plaintiff alleges defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; and SARAH LAZER-GOMEZ under color of law, caused her to suffer emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT IV
## RACE DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

122. Plaintiff re-alleges Paragraphs 1 through 121 and incorporates them by reference as Paragraphs 1 through 121 of Count IV of this Complaint.

123. Plaintiff alleges defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; and SARAH LAZER-GOMEZ discriminated against her because of her race.

124. Plaintiff alleges she is within the protected class.

125. Plaintiff alleges she is qualified for the position.

126. Plaintiff alleges she was subjected to an adverse employment action.

127. Plaintiff alleges the adverse employment action occurred under circumstances

giving rise to an inference of discrimination.

128. Plaintiff alleges defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; and SARAH LAZER-GOMEZ violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## COUNT V
## RACE DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

129. Plaintiff re-alleges Paragraphs 1 through 127 and incorporates them by reference as Paragraphs 1 through 127 of Count V of this Complaint.

130. Plaintiff alleges defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; and SARAH LAZER-GOMEZ discriminated against her because of her race.

131. Plaintiff alleges she is within the protected class.

132. Plaintiff alleges she is qualified for the position.

133. Plaintiff alleges she was subjected to an adverse employment action.

134. Plaintiff alleges the adverse employment action occurred under circumstances giving rise to an inference of discrimination.

135. Plaintiff alleges defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; and SARAH LAZER-GOMEZ violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## **JURY TRIAL**

136. Plaintiff demands a trial by jury of all issues in this action that are so triable.

## **PRAYER FOR RELIEF**

Wherefore, plaintiff demands compensatory and punitive damages from defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; and SARAH LAZER-GOMEZ plus any and all available statutory remedies, both legal and equitable, and interests and costs.

Dated: June 30, 2016
New York, NY

Respectfully submitted,

By: _____s_____
Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
230 Park Avenue, Suite 1000
New York, NY 10169
(212) 808-6515 (Business Telephone)
(212) 729-3062 (Facsimile)

Website: http://www.thesandersfirmpc.com