UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
TARA JOHNSON,

                       Plaintiff,

   - against -

CITY OF NEW YORK, DAVID FRANKEL, BETH
E. GOLDMAN, JACQUES JIHA, ELOISE
ARCHIBALD, SARAH LAZER-GOMEZ,

                       Defendants.
------------------------------------------------------------ x

**MEMORANDUM OF DECSION**
16 CV 3647 (RJD) (RER)

DEARIE, District Judge

    Plaintiff Tara Johnson, who is African-American, alleges that she was discriminated against on the basis of race when she was disqualified from serving as a deputy city sheriff, ostensibly because she failed a psychological evaluation. She brought suit alleging that Defendants the City of New York, the past and present commissioners of the City's Department of Finance (which includes the Sheriff's Department), the NYPD's director of psychological services, and an individual psychologist discriminated against her in violation of her constitutional rights and City and State law. See 42 U.S.C. § 1983; N.Y. Exec. L. § 296 ("NYSHRL"); N.Y.C. Admin. Code § 8-107 ("NYCHRL"). Defendants moved to dismiss arguing that Johnson failed to state a claim. See Fed. R. Civ. P. 12(b)(6).

    Johnson's claims fall into four basic categories. First, she alleges a claim for disparate treatment, that is, intentional racial discrimination. See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 85-86 (2d Cir. 2015) (discussing the elements for a disparate treatment claim). Second, Johnson claims that the subjectivity inherent in Defendants' psychological evaluation process has a disparate impact on African-Americans. See Watson v. Fort Worth Bank & Tr., 487 U.S. 977, 986-88, 990 (1988) (explaining that a claim for disparate impact

requires a facially neutral policy that has a disproportionate effect on a protected class and noting that "disparate impact analysis is in principle no less applicable to subjective employment criteria than to objective or standardized tests."). Third, Johnson asserts that the City may appropriately be held liable under Monell v. Department of Social Services, 436 U.S. 658 (1978) because the discrimination she suffered was caused by an unconstitutional municipal policy that can be attributed to City policymakers. See Oklahoma City v. Tuttle, 471 U.S. 808, 824 (1985). Finally, Johnson contends that the past and present commissioners of the City's Department of Finance are liable for these alleged violations of her constitutional and statutory rights.

In a case alleging identical causes of action arising out of the same Sheriff's Academy class, Brown v. City of New York, 16-cv-1106 (NG) (RER), 2017 WL 1102677 (E.D.N.Y. Mar. 23, 2017), Judge Gershon denied Defendants' motion to dismiss the disparate impact, disparate treatment, and Monell claims, and dismissed the plaintiff's claims against the Department of Finance commissioners. See id. *3-7. At the motion hearing in this case, the Court ruled as follows:

> A, I think Judge Gershon got it right; B, I quite agree with you[, Defendants' counsel], the facts here are not as strong as they were in [Brown] so you can distinguish the case factually, but we're not dealing in facts here. We're dealing in allegations and the adequacy of those allegations, and I think the allegations . . . are sufficient. With respect to the commissioners and so forth, they're out.
>
> With respect to the Monell claim, we'll hold it for the time being.

Hr'g Tr. at 14:17-15:02. The reasoning for these conclusions follows.

Taking Johnson's disparate treatment allegations first, she has adequately pleaded a prima facie case of race discrimination. In order to survive Defendants' motion to dismiss, Johnson must allege that (1) she was subject to an adverse employment action, and (2) that race

2

was a motivating factor in the decision to take that adverse action. See Vega, 801 F.3d at 85-86. Johnson may satisfy this latter requirement by alleging facts that give "plausible support to a minimal inference of discriminatory motivation." Id. at 86-87 (citing Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015)). Johnson makes two basic allegations. First she alleges that all of the African-American candidates in her Sheriff's Academy class were, unlike white candidates, excluded from employment on the basis of their psychological evaluations. Despite these negative evaluations, Johnson points out that several of the African-American candidates (including her) went on to serve in other law enforcement roles. Second, Johnson asserts that Defendants' evaluation process is subjective and thus susceptible to bias. According to Johnson, however, Defendants do not adequately monitor the evaluation process to protect against bias, nor does their process comply with certain uniform guidelines promulgated by the federal government to combat bias in screening for employment. These facts plausibly support at least a "minimal inference of discriminatory motivation" sufficient to survive a motion to dismiss. See id.

As for Johnson's disparate impact claims, these too survive Defendants' motion to dismiss. A disparate impact claim has two elements: (1) a facially neutral policy (2) that had a disproportionate effect on a protected group. See Watson, 487 U.S. at 986-88. Defendants argue that Johnson cannot state a claim for disparate impact because (1) she does not allege the existence of a facially neutral policy, and (2) the sample size on which she relies in her complaint, the 15 candidates in her class at the Sheriff's Academy, is too small to raise an inference of discrimination. Defendants' first point misunderstands Johnson's claims. She alleges that the relevant policy is Defendants' allegedly subjective psychological evaluation process, and that this policy has a disproportionate effect on African-American candidates. As

3

for Defendants' second point, although they may ultimately be right, and Johnson's statistical evidence of this policy's effects on African-Americans may be inadequate, Defendants' argument is one for a later stage in the case. See Brown, 2017 WL 1102677, at *6 ("It may be that, at a later stage in this litigation, defendants will be able to minimize the validity or relevance of [Johnson's] statistics. However, statistics that may ultimately prove insufficient can nevertheless support a plausible inference of disparate impact on a motion to dismiss." (citing Adkins v. Morgan Stanley, No. 12 CV 7667 (HB), 2013 WL 3835198, at *10 (S.D.N.Y. July 25, 2013))).

The same conclusion applies with respect to Johnson's Monell claim. Although, as the Court noted at the hearing, this claim is "questionable," Johnson's theory—that Defendants exhibited deliberate indifference in failing to adequately train and supervise the employees involved in evaluated candidates for positions in the Sheriff's Department—is adequately pleaded and cognizable under Monell. See Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 122-23 (2d Cir. 1991) (stating that a Monell claim can be supported by "circumstantial proof, such as evidence that the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction . . . ." (citing City of Canton v. Harris, 489 U.S. 378, 388-92 (1989)). So long as this claim is not withdrawn, it will be addressed further on summary judgment. See Hr'g Tr. at 15:04-06.

The final issue is Johnson's allegation that the individual past and present commissioners of the City's Department of Finance, of which the Sheriff's Department is a part, are liable for the alleged violations of her rights. The complaint does not allege that these individuals were personally involved in the alleged offending conduct, nor is there basis other than conjecture for finding any personal involvement. This is insufficient to state a claim against these individuals.

See Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) ("An individual cannot be held liable under § 1983 'merely because he held a high position of authority,' but can be held liable if he was personally involved in the alleged deprivation." (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)); see also Rozenfield v. Dep't of Design & Constr. of City of N.Y., 875 F. Supp. 2d 189, 202 (E.D.N.Y. 2012) (noting that the same analysis applies with respect to the City and State human rights laws (citations omitted)). Thus, Johnson's claims against the past and present commissioners of the Department of Finance are dismissed.

For these reasons and those explained on the record, Defendants' motion to dismiss is granted as to Johnson's claims against the past and present commissioners of the Department of Finance and denied as to her claims of disparate treatment, disparate impact, and municipal liability under Monell.

SO ORDERED.

Dated: Brooklyn, New York
September 29, 2017

s/ RJD

RAYMOND J. DEARIE
United States District Judge